IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CRIMINAL ACTION NO. |
| | ) | 2:08cr28-MHT |
| CURTIS BUCHANAN | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court is Defendant Curtis Buchanan's Motion to Suppress (Doc. #53). As set forth below, it is the RECOMMENDATION of the undersigned Magistrate Judge that the Motion (Doc. #53) be DISMISSED.

Defendant has filed a Motion to Suppress Evidence (Doc. #53). The Motion consists of two parts - an introduction and a lengthy argument regarding the Defendant's standing to challenge the admission of evidence. In the introduction, the Defendant explains that the evidence he seeks to suppress was seized when "members of the West Georgia Task Force executed a search warrant on Curtis Buchanan's home ostensibly based on a tip that Tyrone Nunn [Mr. Buchanan's co-defendant] was using the residence to further his quest to distribute crack cocaine from, near or around the residence." (Doc. #53 at 1). He then asserts that evidence seized in two different searches of the residence "should be suppressed as it was seized pursuant to an unconstitutional search." (Doc. #53 at 1). The Motion next addresses the issue of standing, detailing over nearly four pages why Mr. Buchanan purportedly enjoyed a constitutionally protected reasonable expectation of privacy in the

residence searched by the West Georgia Task Force. (Doc. #53 at 1-5). Defendant concludes his motion by requesting that "this Court suppress the evidence recovered as a result of the unconstitutional stop of Mr. Buchanan and the unconstitutional search of his home." (Doc. #53 at 5).

Even if the Court assumes that Defendant indeed has standing to object, Defendant has not provided the Court with one salient fact about the circumstances of the search and seizure of the contested evidence, other than that it was pursuant to a search warrant embracing his residence, that is probative of his claim of a constitutional violation. Nor has he alleged any facts about the alleged "unconstitutional stop" to which he was subjected. This utter lack of relevant factual or legal argument renders the Motion inadequate pursuant to binding case law and this Court's previous Orders.

On October 29, 2008, this Court entered its Order on Arraignment (Doc. #44) which, *inter alia*, provided Defendant with details on the filing and content of acceptable pretrial motions, including a motion to suppress. The order read as follows:

> Motions to suppress must allege specific facts which, if proven, would provide a basis of relief. This court will summarily dismiss suppression motions which are supported only by general or conclusory assertions founded on mere suspicion or conjecture. **All grounds upon which the defendant relies must be specifically stated in the motion in separately numbered paragraphs in a section of the motion which is labeled "Issues Presented." Grounds not stated in the "Issues Presented" section of the motion will be deemed to have been waived.** See generally United States v. Richardson, 764 F.2d 1514,1526-27 (11th Cir. 1985).

(Doc. #44 at 2). The Motion to Suppress is devoid of the "specific facts" regarding the search and seizure of evidence which the Order requires. Thus, other than explicating his

position on standing, Defendant has wholly failed to comply with this portion of the Court's Order and the sanction contemplated by the Order, summary dismissal, is appropriate.

Likewise, Defendant's Motion is inadequate under prevailing case law. *United States v. Richardson*, which is cited in the portion of the Court's Order excerpted above, held that, despite a defendant's arguments regarding standing, "allegations of standing alone will not suffice to obtain an evidentiary hearing or the suppression of evidence. A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented. In short, the motion must allege facts which, if proven, would provide a basis for relief. A court need not act upon general or conclusory assertions founded on mere suspicion or conjecture, and the court has discretion in determining the need for a hearing." *Richardson*, 764 F.2d at 1527 (internal citations omitted).

Because Defendant has failed to set forth **any** specific allegations of fact pertinent to the constitutionality of the search of his residence or his alleged "stop," the Court RECOMMENDS that his Motion to Suppress (Doc. #53) be DISMISSED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before 5 December 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 21st day of November, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE